**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

---

**NANCY CRANFORD** and **ROSIE HUGHES,**
Individually, and on behalf of themselves and other
similarly situated current and former employees,

          Plaintiffs,

                CASE NO. 3:17-CV-194-MPM-RP

          v.

                **FLSA Opt-In Collective Action**

**LITCO PETROLEUM, INC.,**        **JURY DEMANDED**
a Mississippi Corporation,

          Defendant.

---

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

---

       Plaintiffs, Nancy Cranford and Rosie Hughes, individually, and on behalf of themselves

and other similarly situated current and former employees, bring this collective action against

LITCO Petroleum, Inc., a Mississippi Corporation ("Defendant") under the Fair Labor Standards

Act, and allege as follows:

## I.     <u>INTRODUCTION</u>

1.     This lawsuit is brought against Defendant as a collective action under the Fair Labor

     Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages,

     overtime compensation, and other damages owed to Plaintiffs and other similarly situated

     current and former employees who are members of a class as defined herein and currently

     or previously employed by Defendant.

1

## II.     JURISDICTION AND VENUE

2.    The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendant in this district at all times relevant to this action, Defendant regularly has conducted and continues to conduct business in this district, and has engaged and continues to engage in wrongful conduct alleged herein in this district during all material times in this cause.

## III.     CLASS DESCRIPTION

4.    Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former tipped employees of Defendant in the United States who work (or have worked) at Defendant's franchised Huddle House restaurants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV.  PARTIES

5.    Defendant, LITCO Petroleum, Inc. ("LITCO") is a Mississippi corporation with its corporate headquarters located at 323 Highway 72 West, Corinth, Mississippi 38835-1088. LITCO Petroleum, Inc., Inc. has been an "employer" of Plaintiffs and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Mississippi Secretary of State, LITCO Petroleum Inc. may be served through its registered agent for service of process, Wendell H. Trapp, 508 Waldron Street, Corinth, Mississippi 38835.

6.    Plaintiff Nancy Cranford was employed by LITCO Petroleum, Inc. as a tipped employee at one of its franchised Huddle House restaurants within this district during the relevant period herein. (Plaintiff Cranford's Consent to Join this collective action is attached hereto as Exhibit A.)

7.    Plaintiff Rosie Hughes was employed by LITCO Petroleum, Inc. as a tipped employee at one of its franchised Huddle House restaurants within this district during the relevant period herein. (Plaintiff Hughes's Consent to Join this collective action is attached hereto as Exhibit B.)

## V.  ALLEGATIONS

8.    Defendant LITCO owned and operated franchised Huddle House restaurants in Mississippi and other states in the United States during the relevant period of this action.

9.    The primary function of LITCO's franchised Huddle House restaurants is to sell food and beverage items to customers.

10.   Defendant LITCO has been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

11.   Defendant has had a centralized, unified and common plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week (budgeted labor) by providing incentives to its restaurant managers to stay within or below such budgeted labor on the one hand and, subjecting those managers who failed to stay within such budgeted hours to disciplinary action on the other hand, even though such budgeted labor was inadequate to meet the operational demands and needs of the franchised Huddle House restaurants which, in turn, forced managers to encourage, entice, condone, induce, permit and/or require Plaintiffs and those similarly situated to perform work "off the clock" work before and after their scheduled shifts, as well as induced and forced their restaurant managers to require their tipped employees (class members) to perform unrelated "dual occupation" non-tip producing tasks while clocked-in to its timekeeping system as tipped employees at a tip credit wage and, to perform non-tip producing preparation and maintenance tasks more than 20% of their time while assigned customers from which tips could  be produced and, to require Plaintiffs and other members of the class to declare unearned tips which Defendant applied as tip credit to avoid paying them supplemental pay to raise their wages to the FLSA minimum wage and overtime compensation requirements.

12.   Defendant has had a centralized, unified and common plan, policy and practice (scheme) of working Plaintiffs and similarly situated class members "off the clock" in a such variety of ways. Accordingly, Plaintiffs' and Class Members' "off the clock" claims are unified by a common theory of Defendant's FLSA statutory violations.

13.     At all times material to this action, Plaintiffs and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

14.     At all times material to this action, LITCO has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

15.     At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

16.     Defendant has classified Plaintiffs and other members of the class as tipped employees whose primary duties are to take food and beverage orders, and serve such items to customers.

17.     Plaintiffs and all other members of the class are former employees of Defendant.

18.     Defendant has employed a uniform electronic time keeping system for tracking and reporting Plaintiffs' and other class members' compensable time at each of the franchised Huddle House restaurants.

19.     At all times material to this action and, pursuant to Defendant's centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been induced, forced, expected, encouraged, required and, suffered and permitted, to work in unrelated "dual occupation," non-tip producing jobs while clocked-in as a tipped employee into Defendant's electronic timekeeping system for which such unrelated "dual

5

occupation", non-tip producing work, Plaintiffs and other members of the class were paid only sub-minimum (tip credit) hourly wages as tipped employees for such work.

20. As a result, Plaintiffs and the other members of the class are entitled to at least the applicable FLSA minimum wage for all unrelated "dual occupation" non-tip producing work, without applying a tip credit.

21. Furthermore, at all times material to this action, Plaintiffs and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation at the applicable FLSA overtime rate of pay for such unrelated "dual occupation," non-tip producing work, without applying a tip credit.

22. At all times material to this action and, pursuant to Defendant's centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been required to perform non-tipped maintenance and preparation work, such as rolling silverware, washing dishes and glassware, taking out trash, refilling sugar caddies, salt and pepper shakers, ice, condiments, cleaning chairs, tables, booths, restaurant artifacts and décor, lights, blinds, windows, as well as closing out customers checks and performing pre-closing cleaning tasks (such as vacuuming and/or sweeping the server's assigned area and checking dishes, napkins, and utensils) as well as other such "side work" in excess of 20% of their work time and, only paid tip credit for such 20 percent plus "side work." *See* 29 U.S.C. §§ 203(m) and 203(t).

23. As a result, Plaintiffs and other members of the class are entitled to at least the applicable FLSA minimum wage for all such "side work" without applying a tip credit.

24. Furthermore, at all times material to this action, Plaintiffs and other members of the class who have worked in excess of forty (40) hours per week are entitled to receive overtime

compensation at the applicable FLSA overtime rate of pay for all such excess "side work" without applying a tip credit.

25. The U.S. Department of Labor's Fact Sheet #15 provides that "the maximum tip credit an employer can claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)."

26. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." *See* 29 C.F.R. § 531.52.

27. At all times material to this action and, pursuant to Defendant's centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been encouraged, enticed, permitted, condoned, induced, suffered, permitted and/or required to declare tips they did not earn which Defendant applied as tip credit to avoid paying such employees supplemental pay to meet the FLSA minimum wage requirements.

28. As a result, Plaintiffs and other members of the class are entitled to at least the applicable supplemental pay from Defendant to meet the FLSA minimum wage requirement for all such unearned tips they were required to declare and credited as tip credit.

29. Also, as a consequence of Defendant's timekeeping records reflecting Plaintiffs' such unearned tips they were required to declare and, credited as tip credit, when such unearned tips are added to their recorded time, Plaintiff and other members of the class who have worked in excess of forty (40) hours per week are entitled to overtime compensation at the applicable FLSA overtime rate of pay for such unearned tips.

30. At all times material to this action and, pursuant to Defendant's centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been

7

encouraged, enticed, permitted, condoned, induced, suffered, permitted and/or required to perform prescribed duties "off the clock" before and after their regular scheduled shifts, without being compensated with as much as tip credit for such work.

31.     As a result of Plaintiffs and other members of the class performing such work duties "off the clock," Defendant's timekeeping records do not reflect the actual total hours worked by Plaintiffs and members of the class and, therefore, Plaintiffs and class members are entitled to at least the applicable FLSA minimum wage of pay for all such "off the clock" time.

32.     Also, as a consequence of Defendant's timekeeping records not reflecting actual hours worked before and after their scheduled shifts, when such unpaid "off the clock" work time is added to their recorded time, Plaintiff and other members of the class who have worked in excess of forty (40) hours per week are entitled to overtime compensation at the applicable FLSA overtime rate of pay for such "off the clock" work.

33.     net effect of Defendant's aforementioned plan, policy and practice of requiring Plaintiffs and other class members to perform unrelated "dual occupation" non-tip producing work as the tip credit rate when not assigned customers, perform unrelated "side work" of more than 20 percent of the time when assigned customers, declare unearned tips (and applied as tip credit by Defendant) and perform duties "off the clock" before and after their scheduled shifts, without being paid the applicable FLSA minimum wage and overtime rate of pay for all such times, was to save payroll costs and payroll taxes. As a consequence, Defendant has violated the FLSA and, thereby has enjoyed ill-gained profits at the expense of its tipped employees.

34.     Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the

8

course of discovery. However, when an employer fails to keep complete and accurate time records (as in the action at hand), employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs brings this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

36. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

37. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are at least hundreds of individuals in the class.

38. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and other members of the class who work or have worked for Defendant at its franchised Huddle House restaurants were subjected to the same operational, compensation and timekeeping policies and practices, including not being paid for all aforementioned unrelated "dual occupation" non-tip producing work, not being compensated for 20 percent plus unrelated "side work", not being compensated for unearned tips they were required to declare (applied as tip credit by Defendant) and, not being compensated for work performed before and after unscheduled shifts, all hereinafter referred to as "off the clock" claims.

39. As a result, the "off the clock" claims of Plaintiffs and members of the class are unified by a common theory of Defendant's FLSA statutory violations.

40.     Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected and/or required to perform work without compensation;

- Whether Defendant suffered and permitted Plaintiffs and other members of the class to perform work without compensation;

- Whether Defendant failed to pay Plaintiffs and the other members of the class the applicable FLSA minimum wage for all work performed;

- Whether Defendant failed to pay Plaintiffs and other members of the class all FLSA overtime compensation due them for all hours worked in excess of forty (40) hours per week;

- The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs.

41.     Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class.  Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

42.     Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making

it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

43.    Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

**COUNT I**
**FLSA VIOLATIONS – OVERTIME**
**(On Behalf of the Class)**

44.    Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 43 above, as if they were set forth herein.

45.    At all times relevant herein, Defendant has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.    At all times relevant herein, Defendant has employed Plaintiffs and each of the other members of the class within the meaning of the FLSA.

47.    At all times relevant and based on the aforementioned allegations, Defendant has had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all compensable time, including for all unrelated "dual occupation" non-tip producing work time when not assigned customers, for all unrelated "side work" in excess of 20 percent of their time, for all unearned tips Plaintiffs and other members of the class were required to declare (and applied as tip credit by Defendant) and for unpaid work performed before and after unscheduled shifts at the applicable FLSA minimum wage and overtime rates of pay.

48.    At all times herein, Defendant's uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess

of forty (40) within weekly pay periods, constitute a variety of unpaid "off the clock" time, resulting in such "off the clock" claims of Plaintiffs and class members being unified by a common theory of Defendant's FLSA violations.

49.     At all times relevant, Defendant has had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all the aforementioned "off the clock" compensable time of at least at the applicable FLSA minimum wage and overtime rates of pay.

50.     Defendant's aforementioned FLSA violations were willful and, committed without good faith.

51.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52.     Due to Defendant's aforementioned willful FLSA violations and, lack of good faith in committing such violations, Plaintiffs and the other members of the class are entitled to recover from Defendant compensation for unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## FLSA VIOLATIONS – MINIMUM WAGE
### (On Behalf of the Class)

53.     Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 52 above, as if they were fully set forth herein.

54.     At all times relevant herein, Defendant has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

55.     Pursuant to Defendant's aforementioned centralized, uniform and common plans, policies and practices, they have failed to pay Plaintiffs and other members of the class the applicable minimum wage rates as required by the FLSA.

56.     At all times relevant and based on the aforementioned allegations, Defendant has had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all compensable time, including for all unrelated "dual occupation" non-tip producing work time, for all unrelated "side work" in excess of 20 percent of their time, for all unearned tips Plaintiffs and other members of the class were required to declare (and applied as tip credit by Defendant) and for unpaid work performed before and after unscheduled shifts, at the applicable FLSA minimum wage and overtime rates of pay.

57.     At all times herein, Defendant's aforementioned centralized, uniform and common plans, policies and practices of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods, constitute a variety of unpaid "off the clock" time, resulting in such "off the clock" claims of Plaintiffs and class members being unified by a common theory of Defendant's FLSA violations.

58.     At all times relevant, Defendant has had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all the aforementioned "off the clock" compensable time of at least at the applicable FLSA minimum wage and overtime rates of pay.

59.     Defendant's aforementioned FLSA violations were willful and, committed without good faith.

60.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.     Due to Defendant's aforementioned willful FLSA violations and, lack of good faith in committing such violations, Plaintiffs and the other members of the class are entitled to recover from Defendant compensation for unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A.     Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.     On Count I, an award of compensation for unpaid overtime wages to Plaintiffs and the other members of the class at the applicable FLSA overtime rate of pay.

C.     On Count II, an award of compensation for unpaid minimum wages to Plaintiffs and other members of the class at the applicable minimum wage rate as required by the FLSA;

D.     On Counts I and II an award of liquidated damages to Plaintiffs and other members of the class;

E.     On Counts I and II an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

14

F.   On Counts I and II an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

G.   On Counts I and II a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H.   Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated:  February 5, 2018                              Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*
*\*Admitted Pro Hac Vice*

                        *&*

*/s/ George B. Ready*
George B. Ready (MS Bar #4674)
**Law Office of George B. Ready**
175 East Commerce St.
P.O. Box 127
Hernando, MS 38632
662-429-7088
*GBReady@georgegreadyatty.com*

*Attorneys for the Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2018, I caused to be served the foregoing First Amended Complaint by virtue of the Court's electronic filing system upon the following Attorneys for Defendant:

Martin Joseph Regimbal
THE KULLMAN FIRM - Columbus
P.O. Box 827
Columbus, MS 39703-0827
Email: mjr@kullmanlaw.com

*s/ J. Russ Bryant*_____
J. Russ Bryant